ADAM GORDON
United States Attorney
LOREN GAIL RENNER
Assistant U.S. Attorney
Illinois Bar No. 6311327
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8783
Loren.Renner@usdoj.gov

Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>RICARDO MIRAMONTES NAVA,<br>Defendant. | Case No. 25-cr-785-AGS<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, ADAM GORDON, United States Attorney, and Loren G. Renner, Assistant United States Attorney, and Defendant RICARDO MIRAMONTES NAVA ("Defendant" or "MIRAMONTES"), with the advice and consent of Thomas Matthews, counsel for Defendant, as follows:

**I**

**THE PLEA**

A. THE CHARGE

Defendant agrees to plead guilty to count two of a two-count Indictment charging Defendant with:

(Attempted Transfer of a Firearm for Use in a Drug Trafficking Crime)

On or about November 14, 2023, within the Southern District of California, defendant RICARDO MIRAMONTES, did knowingly and intentionally attempt to transfer a firearm, that is, a Heckler & Koch "H&K" 416 D rifle, serial number HB013168, a

Pioneer Arms Hellpup pistol, 7.62 X 39mm, serial number PAC1149061, a DPMS Panther Arms rifle, serial number DM07875K, and a Glock 19X pistol, serial number AGKF076, knowing that the firearm would be used to commit a drug trafficking crime, that is, Conspiracy to Distribute Methamphetamine as charged in Count 1; in violation of Title 18, United States Code, Section 924(h).

In addition, defendant consents to the forfeiture allegations of the Indictment, consents to the forfeiture of all properties seized in connection with the case, and agrees the attached Forfeiture Addendum shall govern forfeiture in this case.

The Government agrees to (1) move to dismiss the remaining charges without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement, or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

B. <u>TIMELINESS/OFFER REVOCATION</u>

The disposition contemplated by this plea agreement is conditioned on (1) Defendant accepts the offer by either signing this agreement or agreeing that the Government can lodge it with the Court on or before **October 14, 2025**; and (2) Defendant's guilty plea being entered or tendered before the Court thereafter.

C. <u>PRESERVATION OF EVIDENCE</u>

In return for the concessions made by the Government herein, Defendant agrees further as follows:

1. Defendant will not file any substantive motions (including those described in Fed. R. Crim. P. 12, other than motions seeking bail review); and

2. Upon acceptance of Defendant's guilty plea by the District Court, and not withstanding any preservation

order(s) entered by the District Court, the Government need not hold or preserve any evidence seized in connection with this case, including but not limited to:

a. Any cellular device(s);

b. Any bulk narcotics;

c. Any vehicle(s);

d. Any firearms; and

e. Any ammunition.

Upon acceptance of Defendant's guilty plea by the District Court, Defendant will not oppose any motion by the Government to move that the Court lift or revoke any preservation order.

## II

## NATURE OF THE OFFENSES

A. ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty in the Indictment has the following elements:

Count Two
(Attempted Transfer of a Firearm for Use in a Drug Trafficking Crime)

1. Defendant knowingly attempted to transfer a firearm; and

2. Defendant knew that the firearm would be used in a crime of violence or a drug trafficking crime.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On or about November 14, 2023, Defendant knowingly possessed the following firearms, ammunition, and magazines within the Southern District of California:

a. one Heckler & Koch "H&K" 416 D rifle, serial number HB013168;

b. one Pioneer Arms Hellpup pistol, 7.62 X 39mm, serial number PAC1149061;

c. one DPMS Panther Arms rifle with a 16 inch unmodified barrel, serial number DM07875K;

d. one Glock 19X pistol, serial number AGKF076;

(firearms above collectively referred to as the "Firearms")

e. approximately 991 rounds of Golden Tiger, 5. 7.62 x 39mm ammunition;

f. approximately 286 rounds of .22 caliber ammunition;

g. approximately 888 rounds of 5.56 caliber ammunition;

h. approximately 17 rounds of 9mm ammunition;

(ammunition above collectively referred to as the "Ammunition")

i. one .22 caliber magazine, with a 25 to 30 round capacity;

j. two 9mm magazines, each with a 17 round capacity;

k. three 5.56 caliber magazines, each with a 30 round capacity; and

l. one 7.62 caliber magazine, with a 30 round capacity.

(magazines above collectively referred to as the "Magazines").

3. At the time of his arrest, the Firearms, Ammunition, and Magazines were concealed in a non-factory compartment built into the roof of Defendant's Jeep Renegade.

4. The Magazines are "large capacity magazines" and are "compatible" with some of the Firearms, pursuant to U.S.S.G. Section 2K2.1 note 2.

5. On or about November 14, 2023, Defendant traveled to Phoenix, Arizona to pick up and transport the Firearms, Ammunition, and Magazines from Phoenix to Mexicali, Mexico for a member of a known drug trafficking organization based in the Mexicali area which operates in the Southern District of California

and beyond ("DTO"). Upon arrival in Phoenix, Defendant assisted others in concealing the Firearms, Ammunition, and Magazines inside his Renegade. Defendant then left Phoenix, drove to the Calexico, California West Port of Entry, and was secondaried on outbound inspection, resulting in law enforcement seizure of the Firearms, Ammunition, and Magazines.

6. At the time of the seizure on November 14, 2023, Defendant was attempting to take the Firearms, Ammunition, and Magazines from the United States to Mexico, and deliver them to members of the DTO for use in furtherance of drug trafficking crimes.

7. Defendant knew that the Firearms, Ammunition, and Magazines would be used in a drug trafficking crime by members of the Mexicali, Mexico-based DTO with whom he was working for and with for several months prior to his arrest.

## III

## PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A. a maximum of ~~10~~ 15 years in prison;

B. a maximum $250,000 fine;

C. a mandatory special assessment of $100 per count;

D. a term of supervised release of up to 3 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release; and

E. possible ineligibility for certain Federal benefits.

F. forfeiture of all firearms and ammunition involved in the offense.

//

//

//

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F. Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that because Defendant is not a citizen of the United States, Defendant's conviction in this case make it practically inevitable and a virtual certainty that Defendant will be removed or deported from the United States. Defendant also may be denied United States citizenship and admission to the United States in the future.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be

required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will

Case 3:25-cr-00785-AGS Document 25 Filed 10/23/25 PageID.69 Page 8 of 21

bring this plea agreement to the attention of other authorities if requested by Defendant.

VIII

**APPLICABILITY OF SENTENCING GUIDELINES**

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

IX

**SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not

binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2K2.1(a)(7)] | 12* |
| 2. | Number of Firearms (3-7) [§ 2K2.1(b)(1)(A)] | +2 |
| 3. | Receipient intended to use firearms unlawfully [§ 2K2.1(b)(5)(C)] | +5 |
| 4. | Exporting firearms[§ 2K2.1(b)(6)(A)] | +4 |
| 5. | Acceptance of Responsibility [§ 3E1.1] | -3 |
| 6. | Appellate Waiver/Early Resolution [§ 5K2.0] | -3** |

*If Defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b). Furthermore, Defendant will be ineligible for any role reduction.

**The Government agrees to recommend a three-level reduction for Combination of Circumstances under § 5K2.0 for (1) Defendant's acceptance of responsibility by pleading guilty before filing or arguing any substantive motions (not including standard discovery motions subject to Brady and Rule 16), and (2) the appellate waiver set forth in Section XI below. However, the Government reserves the right to reduce its recommended departure if Defendant does not proceed to sentencing on the first date set by the Court, unless the parties agree to a continuance or sentencing is continued on the Court's own motion.

Case 3:25-cr-00785-AGS Document 25 Filed 10/23/25 PageID.71 Page 10 of 21

B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;
2. Falsely denies prior criminal conduct or convictions;
3. Is untruthful with the Government, the Court or probation officer; or
4. Breaches this plea agreement in any way.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend the greater of: a sentence within the advisory guideline range as calculated by the Government, or the mandatory minimum sentence, if applicable.

G. SPECIAL ASSESSMENT AND FINE

1. Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2. Fine

The United States will recommend that a fine not be imposed.

H. SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this

case do not constitute the crime charged. The only exceptions is Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel.

XII

**BREACH OF THE PLEA AGREEMENT**

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of

Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

**XIII**

**CONTENTS AND MODIFICATION OF AGREEMENT**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

**XIV**

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//
//

Def. Initials RMN

Case 3:25-cr-00785-AGS Document 25 Filed 10/23/25 PageID.76 Page 15 of 21

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

Respectfully submitted,

ADAM GORDON
United States Attorney

10/9/25
DATED

LOREN G. RENNER
Assistant U.S. Attorney

10/17/25
DATED

THOMAS MATTHEWS
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

10/17/25
DATED

RMN
RICARDO MIRAMONTES NAVA
Defendant

Case 3:25-cr-00785-AGS Document 25 Filed 10/23/25 PageID.77 Page 16 of 21

**FORFEITURE ADDENDUM**

***United States v. Ricardo Miramontes Nava* 25-cr-785-AGS**

Defendant Ricardo Miramontes Nava's ("Defendant") conviction will include forfeiture. This forfeiture addendum is incorporated into, and is a part of the Defendant's plea agreement, and the additional terms and warnings below apply.

A. PENALTY

Defendant understands that in addition to the penalties set forth in Defendant's plea agreement, federal law states that pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), Defendant must forfeit to the United States any firearms and ammunition involved in the offense set forth in Count Two of the Indictment to which Defendant is pleading guilty.

B. PROPERTY SUBJECT TO FORFEITURE

In addition to pleading guilty to Count Two of the Indictment, as set forth in Section I of Defendant's plea agreement, Defendant consents to the forfeiture of all property seized in connection with the case, including but not limited to, all property seized from co-defendants. Defendant agrees to forfeit to the United States all property seized in connection with this case including, but not limited to:

a. One (1) Heckler & Koch "H&K" 416 D Rifle - Serial #: HB013168,
b. One (1) Pioneer Arms - Hellpup pistol, 7.62 X 39 - Serial #: PAC1149061,
c. One (1) DPMS Panther Arms Rifle - Serial #: DM07875K,
d. One (1) Glock 19X Pistol - Serial #: AGKF076,

RMN

e. Four (4) Magazines – .22 caliber, 9mm, 5.56 caliber, 7.62 caliber,

f. One (1) FN M429S Belt feed rifle – Serial #: M249SA08105,

g. Ammunition– Golden Tiger, 5. 7.62 x 39mm – (991) Rounds,

h. Ammunition– .22 Caliber (286) Rounds,

i. Ammunition – 5.56 Caliber (888) Rounds, and

j. Ammunition– 9mm (17) Rounds.

C. BASIS FOR FORFEITURE

Defendant admits that he owns the property set forth in paragraph B and Defendant agrees to forfeit to the United States all properties seized in connection with this case, which the Defendant agrees are subject to forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c) as firearms and ammunition involved in the offense to which defendant is pleading guilty.

D. IMMEDIATE ENTRY OF PRELIMINARY ORDER OF FORFEITURE

Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty pleas. Defendant further agrees that upon entry of the preliminary order of forfeiture, such order will be considered final as to defendant's interests in the property described above.

In addition, Defendant agrees to immediately withdraw any claims to any and all properties seized in connection with this case in any pending administrative or civil forfeiture proceedings, and consents to and agrees to not contest the forfeiture of all

properties seized in connection with this case. Defendant agrees to execute any and all documents requested by the Government to facilitate or complete the forfeiture process(es). Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of any properties seized in connection with this case in the forfeiture proceedings ancillary to this criminal case, and in any related administrative and civil forfeiture proceeding.

E. <u>ENTRY OF ORDERS OF FORFEITURE AND WAIVER OF NOTICE</u>

Defendant consents and agrees to the entry of orders of forfeiture for all properties and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty pleas.

F. <u>WAIVER OF CONSTITUTIONAL AND STATUTORY CHALLENGES</u>

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass

clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

G. AGREEMENT SURVIVES DEFENDANT; NO FORFEITURE ABATEMENT

Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

The defendant understands that Defendant's plea agreement and this forfeiture addendum embody the entire plea agreement between the parties and supersedes any other plea agreement, written or oral.

10/17/25
Date

RMN
RICARDO MIRAMONTES NAVA
Defendant

Acknowledgment by Counsel:

10/17/25
Date

THOMAS MATTHEWS
Defense Counsel

10/17/25
Date

LOREN G. RENNER
Assistant U.S. Attorney



Def. Initials RMN