**THOMAS P. MATTHEWS**, SBN 163089
Law Office of Thomas P. Matthews
109 West 'C' Street, Suite C
San Diego, CA 92101
Telephone: (619) 236-3400
Facsimile: (619) 346-4231
Email: tom@tommatthewslaw.com

Attorney for Defendant
**RICARDO MIRAMONTES NAVA**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HONORABLE JUDGE ANDREW G. SCHOPLER)**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>vs.<br>**RICARDO MIRAMONTES NAVA,**<br>Defendant, | **Case No.: 25-CR-0785-AGS**<br>**SENTENCING MEMORANDUM**<br>**DATE: May 13, 2026**<br>**TIME: 10:00 a.m.** |

**TO: ADAM GORDON, UNITED STATES ATTORNEY, LOREN GAIL RENNER, ASSISTANT UNITED STATES ATTORNEY, AND THE UNITED STATES PROBATION OFFICE:**

RICARDO MIRAMONTES NAVA, the Defendant in this case, by and through his counsel, THOMAS P. MATTHEWS, submits the following Sentencing Memorandum for the Court to consider before imposing his sentence.

///

///

///

///

///

## I.

## BACKGROUND INFORMATION REGARDING MR. MIRAMONTES NAVA

MR. MIRAMONTES NAVA is 35 years of age. His mother passed away in October 2025 from a heart attack, while MR. MIRAMONTES NAVA was in custody. Therefore he was unable to see her prior to her passing or attend her funeral services. MR. MIRAMONTES NAVA feels his case was the reason for her death due to the stress his case and incarceration weighed upon her. He has three full siblings and two maternal half siblings. All his siblings reside in Mexico. MR. MIRAMONTES NAVA maintains communication and relationship with his father and all five siblings. His father has some medical issues. He was very close to his mother. Her passing added to his depression and anxiety due to his guilt of having involved himself in this case.

MR. MIRAMONTES NAVA had a good upbringing, and his father was the main financial supporter of his family by running two separate businesses, one selling secondhand electronics store, the other a seafood restaurant. He has a close knot family and lived with them until age 31. He left with hopes of getting a better paying job to support himself and give back to his family.

MR. MIRAMONTES NAVA had been married to Vanessa Dominguez and they have two children, who currently reside with their mother in Phoenix, Arizona. MR. MIRAMONTES NAVA maintained communication with his children and saw them every other weekend. He has not had communication with them for many months due to his incarceration.

MR. MIRAMONTES NAVA only attended school until middle school in Mexico but discontinued his education in order to get a job to make money and help his family financially.

As far as employment is concerned, MR. MIRAMONTES NAVA had maintained full-time and gainful employment as an agricultural worker, since he came to the United States at the age of 31 and also worked in a carwash in El Centro, California.

Regarding drug and alcohol use, MR. MIRAMONTES NAVA began drinking alcohol at the age of 19. He only drank socially and special occasions. He began regularly using marijuana at age 20. At the age of 25 he began to use cocaine and became addicted. While incarcerated he took the opportunity to attend counseling and therapy. He has been given three different psychotropic medications to help with his mental health issues. He feels the medication coupled with counseling has had a positive effect on him and he plans to continue once he is released from custody.

MR. MIRAMONTES NAVA was arrested on March 20, 2025. The offense conduct for which he was arrested took place for approximately 2 years prior to his arrest. At the time of his arrest, MR. MIRAMONTES NAVA was cooperative, extremely forthcoming as to his involvement, and accepted full responsibility. He only blames himself for his participation in this case.

Further, MR. MIRAMONTES NAVA is a Legal Permanent Resident but now has a pending immigration detainer and will most certainly be processed for removal and/or deportation because of this case. His removal will create additional hardships

for him and his family, not to mention he will lose his immigration status as a Legal Permanent Resident. MR. MIRAMONTES NAVA wants to assure the court that he will never again be involved in guns nor any other type of criminal activity whatsoever.

At the time of the offense in 2023, MR. MIRAMONTES NAVA associated himself with the wrong people, mostly to have access to support his drug addiction to marijuana and cocaine. His addiction contributed to him involving himself in the gun distribution/transfer. He used poor judgment and felt he needed to support his drug addiction.

MR. MIRAMONTES NAVA mother passed away of a heart attack on October 19, 2025 while he was incarcerated in this case, which devastated him. He was very close to his mother and feels he contributed to her death because he involved himself in this case which caused his mother stress and anxiety. That, coupled with the thought of her son being incarcerated for a long period of time, was overwhelming for her. MR. MIRAMONTES NAVA feels he is to blame because had he not got involved he feels his mother could still be alive today. His father lost a partner of over 30 years, and he too is suffering from missing his wife and is lonely and although MR. MIRAMONTES NAVA maintains constant communication with his father, MR. MIRAMONTES NAVA hopes his father does not give up on life now that his life partner is gone.

Lastly, in the PSR, on the cover page, the probation officer lists one related case that has two defendants and are scheduled to be sentenced on June 26, 2026. The two defendants are charged with conspiracy to distribute controlled substances.

MR. MIRAMONTES NAVA was arrested and cited on November 14, 2023, then released. On March 14, 2025, a federal warrant was obtained and MR. MIRAMONTES NAVA was subsequently arrested on March 20, 2025.

MR. MIRAMONTES NAVA obtained his legal permanent resident status on March 4, 2018. At the time of his arrest he had LPR status for approximately seven years and his status would need to be renewed in March of 2034. ICE lodged a detainer and will likely process his removal and he will be deported, a consequence that is not contemplated by the guidelines.

In the plea agreement, MR. MIRAMONTES NAVA's base offense level is 12 with an 11-level upward adjustment. The enhancements almost double his base offense level before the application of any downward departures.

At the time of sentencing, MR. MIRAMONTES NAVA will have approximately 15 months of custody. Due to his ICE detainer, MR. MIRAMONTES NAVA will not be able to participate in the RDAP program nor the First Step Act, which now affords defendants the ability to lower their sentence by up to 40% instead of the standard 15% credit.

MR. MIRAMONTES NAVA has no prior criminal history but because the case involves guns, he is not eligible for the 2-level reduction under 4C1.1.

MR. MIRAMONTES NAVA is "very" regretful and remorseful. He blames himself and "came clean" with the agents at the time of his arrest, as noted by the case agent's comments to the probation officer. MR. MIRAMONTES NAVA has never denied his involvement and saved the government financial resources by not fighting this case and pleading as early as possible.

## II.

## STATEMENT OF FACTS AND PLEA AGREEMENT

On March 14, 2025, an Indictment was filed against MR. MIRAMONTES NAVA. He was arrested on March 20, 2025, and was arraigned on March 21, 2025.

MR. MIRAMONTES NAVA pled guilty on November 6, 2025, to Count 2, Attempted Transfer of a Firearm for Use in a Drug Trafficking Crime. MR. MIRAMONTES NAVA entered into a Plea Agreement with the U.S. Attorney's Office, filed on November 6, 2025. In the Plea Agreement, the base offense level is calculated at 12, 3-7 Firearms, Recipient intended to Use Firearms Unlawfully, Exporting Firearms, Acceptance of Responsibility, and Appellate Waiver/Early Resolution, resulting in an adjusted base offense level of 20.

| | |
|---|---|
| 1. Base offense level [USSG §2D1.1(c)(5)] | 30 |
| 2. Safety Valve [USSG §§ 2D1.1(b)(18) and 5C1.2] | -2 |
| 3. Acceptance of Responsibility [USSG § 3E1.1(a)] | -3 |
| 4. Zero-Point Offender [USSG § 4C1.2] | -2 |
| 5. Departure for Early Disposition [USSG § 5K2.0] | -2 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **21** |

MR. MIRAMONTES NAVA is permitted to seek downward departures. MR. MIRAMONTES NAVA respectfully requests that the court exercise its judicial discretion in determining an appropriate sentence.

## III.

## ADJUSTMENTS AND DEPARTURES

### A. <u>BASE OFFENSE LEVEL</u>

Per the Plea Agreement, both parties had agreed that according to §2K2.1(a)(7) of the Sentencing Guidelines, MR. MIRAMONTES NAVA falls under the adjusted base offense level of 12.

### B. <u>3-7 FIREARMS</u>

Per the Plea Agreement, both parties agree that MR. MIRAMONTES NAVA due to the number of firearms is subject to this enhancement. Therefore, MR. MIRAMONTES NAVA should receive a two (2) level upward adjustment pursuant to USSG §§ 2K2.1(b)(1)(A).

**C. <u>RECIPIENT INTENDED TO USE THE FIREARMS UNLAWFULLY</u>**

Per the Plea Agreement, both parties agree that MR. MIRAMONTES NAVA due to the intended use of the recipient is subject to this enhancement. Therefore, MR. MIRAMONTES NAVA should receive a five (5) level upward adjustment pursuant to USSG §§ 2K2.1(b)(6)(C).

**D. <u>EXPORTING FIREARMS</u>**

Per the Plea Agreement, both parties agree that MR. MIRAMONTES NAVA that he caused the exportation of the firearms. Therefore, MR. MIRAMONTES NAVA should receive a four (4) level upward adjustment pursuant to USSG §§ 2K2.1(b)(7)(A).

**E. <u>ACCEPTANCE OF RESPONSIBILITY</u>**

The United States, the Defendant, and the Probation Department are all in agreement that MR. MIRAMONTES NAVA' admissions of his involvement in the instant offense by his plea of guilty meets the requirements of this provision. Therefore, MR. MIRAMONTES NAVA merits a three (3) level downward departure pursuant to USSG § 3E1.1(b).

**F. <u>APPELLATE WAIVER/EARLY RESOLUTION</u>**

Per the Plea Agreement, both parties agree that MR. MIRAMONTES NAVA plead early on and waives his right to appeal. Therefore, MR. MIRAMONTES NAVA merits a three (3) level departure pursuant to USSG § 5K2.0.

**G. <u>COMBINATION OF CIRCUMSTANCES (VARIANCES)</u>**

The defense requests that the Court consider and take under submission the below outlined Departures/Variances and consider them as a whole and in part to assist the Court in determining an appropriate sentence for MR. MIRAMONTES NAVA.

1. Multiple enhancements that are similar yield a resulting guideline that is too harsh; Collateral Consequences not contemplated by the guidelines; Alien who will be deported and lose his legal permanent residency because of his conviction punished too severely and super acceptance of responsibility.
2. First criminal conviction; Lack of criminal record justifies a below-guideline sentence; Prison time more significant for first time offenders; and no eligibility for zero-point offender departure.
3. Addicted to drugs; and counseling and treatment rather than prison protects the public and promotes deterrence.
4. ICE detainer will preclude the participation in RDAP and First Step Act, that could significantly reduce his custodial sentence.

## IV.
## SENTENCING ANALYSIS

For all the reasons stated above, MR. MIRAMONTES NAVA asks this Court to sentence him as follows:

1. MR. MIRAMONTES NAVA' adjusted base offense level should be computed at level twelve (12).
2. MR. MIRAMONTES NAVA should receive a two (2) level upward adjustment for the number of firearms.
3. MR. MIRAMONTES NAVA should receive a five (5) level upward adjustment for the unlawful intended use by recipient.

4. MR. MIRAMONTES NAVA should receive a four (4) level upward adjustment for the exportation of the firearms.
5. MR. MIRAMONTES NAVA should receive a three (3) level reduction for Acceptance of Responsibility.
6. MR. MIRAMONTES NAVA should receive a three (3) level reduction for Appellate Waiver/Early Resolution per plea agreement.
7. MR. MIRAMONTES NAVA requests the court agree with the departures and grant him a five (5) level reduction under a combination of circumstances.

Therefore, it is respectfully requested that MR. MIRAMONTES NAVA be sentenced to a credit-for-time-served custodial sentence, under a variance, followed by a three-year period of supervised release, if not deported, and no fine.

**Dated:** May 7, 2026

Respectfully submitted,

*/s/ Thomas P. Matthews*
Thomas P. Matthews, Attorney for
Defendant RICARDO MIRAMONTES NAVA